UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELLEY FOREMAN,

        Plaintiff,

v.                                                                    Case No: 6:17-cv-2002-Orl-37DCI

SOLERA HOLDINGS, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 41 ("**Motion**")). For the reasons stated below, the Court finds that the Motion is due to be granted.

### DISCUSSION

**A.**   **Class Action Complaint**

Plaintiff Shelley Foreman ("**Foreman**" or "**Class Representative**") initiated this class action against Defendant Solera Holdings, Inc. ("**Solera**") on November 20, 2017. (Doc. 1.) In the amended complaint, Foreman asserts claims for negligence, invasion of privacy, breach of implied contract, breach of fiduciary duty, and violation of state unfair and deceptive trade practices acts. (Doc. 38 ("**Amended Complaint**").) The claims arise from Solera's alleged disclosure of its current and former employees W-2 information, including personally identifiable information as a result of a "phishing" scheme resulting

in a data compromise. (*Id.* ¶ 2.) Specifically, on or about February 14, 2017, Foreman alleges that a Solera employee responded to a phishing email by sending a file of 2016 W-2 forms containing sensitive personally identifying information for current and former Solera employees ("**Data Disclosure**"). (*Id.* ¶ 4.) Among other things, the W-2 forms contained the employees' names, mailing addresses, wage information, and social security numbers. (*Id.*) Approximately 3,700 current and former employees had their W-2 information compromised as a result of the disclosure. (*Id.* ¶ 20.)

B.   **Motion and Proposed Settlement**

Now, Plaintiff has filed the Motion. (Doc. 41.) The parties represent that they reached a settlement, following good faith arm's-length negotiations and mediation, which would resolve the class action complaint ("**Settlement**"). *See* Fed. R. Civ. P. 23(b)(3). They request: (1) approval of the Settlement; (2) provisional certification of the settlement class; (3) dissemination of notice of the Settlement to all class members; (4) a hearing for final approval of the settlement; and (5) a stay of all other proceedings. (*Id.* at 1–2.)

Federal Rule of Civil Procedure 23(e) requires judicial approval of a class action settlement. Before granting approval of a proposed class action settlement, a court should determine that the settlement "is fair adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (citation omitted). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *See Amchem Prods.*,

*Inc. v. Windsor*, 521 U.S. 591, 620 (1997). However, the Court must give heightened scrutiny to the other Rule 23 requirements because the Court will lack the normal opportunity to adjust the class based on the information revealed during the proceedings. *Id; see* Fed. R. Civ. P. 23.

Having reviewed the Settlement Agreement and its exhibits (Doc. 41-1 ("**Settlement Agreement**"), the Court finds that the Motion is due to be granted for the reasons set forth below. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 41) is **GRANTED**.

2. The Court preliminarily approves the Settlement Agreement (Doc. 41-1) as fair, reasonable, and adequate to the Settlement Class, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the final approval of the Settlement**.**

3. Solely for settlement purposes and pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a Settlement Class in this matter as:

    a. **All current and former Solera employees whose W-2 data was compromised as a result of the Data Disclosure which occurred on or about February 14, 2017.**

4. For settlement purposes only, the Court finds that:

    a. The Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable;

3

    b.    There are questions of law and fact common to the Settlement Class;

    c.    The claims of the Class Representative are typical of the claims of the Settlement Class;

    d.    The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

    e.    The questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members; and

    f.    Certification of the Settlement Class and Settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. The Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it for purposes of the Settlement. Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

6. The named Plaintiff, Shelley Foreman, shall be the Class Representative of the Settlement Class. The Court preliminarily finds that she will fairly represent and protect the interests of the absent Settlement Class Members.

7. The Court approves the law firms of Morgan & Morgan and Law Office of Jean Sutton Martin PLLC as settlement class counsel ("**Class**

**Counsel**"). The Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel, and will fairly and adequately represent and protect the interests of the absent Settlement Class Members.

8. The Court approves and appoints Epiq Systems, Inc. ("**Settlement Administrator**") to be responsible for providing Class Notice and as the Claims Administrator. Solera shall pay all costs and expenses associated with providing notice to Settlement Class Members and Claims Administration Costs, including, but not limited to, the Settlement Administrator's fees. These payments shall be made separate and apart from the relief being made available to Settlement Class Members under the Settlement.

9. A hearing on final approval of the Settlement ("**Final Approval Hearing**") shall be held before the undersigned on **Tuesday, February 19, 2019, at 10:00am**, in Courtroom 4A of the Orlando Courthouse, 401 West Central Boulevard, Orlando, Florida, 32801, to address: (a) whether this matter should be certified as a class action for settlement purposed pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e); whether the proposed Settlement should be adjudicated as fair, reasonable, and adequate pursuant to Federal Rules of Civil Procedure 23(e); (c) whether this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether

5

>Settlement Class Members who do not submit timely and valid opt-out requests should be bound by the release set forth in the Settlement Agreement; and (d) whether the Attorney's Fees, Litigation Expenses and Incentive Award Application should be approved.
>
>>a.  Papers in support of final approval of the Settlement shall be filed with the Court **twenty-one (21) days** prior to the Hearing on Final Approval. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. Any modification of those dates or times shall be posted on the website maintained by the Settlement Administrator. After the Final Approval Hearing, the Court may enter a judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the claims released as described in Section XIV of the Settlement Agreement.
>
>10.  The proposed procedure for giving notice ("**Notice Program**") set forth in the Settlement Agreement, and the Short Form Notice, Long Form Notice, and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C (*see* Doc. 41-1, pp. 35–60) satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is

        directed to carry out the Notice Program in conformance with the Settlement Agreement. Within **seven (7) days** of the entry of this Order, Solera shall provide the Settlement Administrator with the names and last-known addresses on file with Solera for the Settlement Class Members. By **thirty (30) days** from the date of this Order, the Settlement Administrator shall initiate the Notice Program, which shall be completed in the manner set forth in Section VI of the Settlement Agreement.

11. The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 10 of this Order and the Settlement Agreement and its exhibits:

    a. Will constitute the best practicable notice to the Settlement Class;

    b. Are reasonably calculated to appraise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement;

    c. Are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and

    d. The Court concludes that the notice program meets all applicable

        requirements of law, including Federal Rule of Civil Procedure 23(c) and (e) and due process. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

12. Solera shall provide notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1715. No later than **fourteen (14) days** before the Final Approval Hearing, Solera shall file with the Court a certification that it complied with the CAFA notice requirements and state the date of such compliance.

13. Any Settlement Class Member who wishes to be excluded from the Settlement and from the release must mail a written notification of the intent to exclude himself or herself from the Settlement Class ("**Opt-Out Request**") to the Settlement Administrator at the address provided in the Long-Form Notice, postmarked no later than **ninety (90) days** after the date of this order ("**Opt-Out Deadline**"). The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

    a. The Settlement Administrator shall provide the parties with copies of all completed Opt-Out Requests, and, prior to the Final Approval Hearing, the Settlement Administrator shall create a

        comprehensive list of Settlement Class Members who have submitted timely and valid Opt-Out Requests ("**Opt-Out Member(s)**") for submission to the Court.

    b.    Any Settlement Class Member who is not an Opt-Out Member shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who is not an Opt-Out Member shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the final judgment. That includes Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. Opt-Out Members shall not be entitled to receive any benefits of the Settlement.

14.    A Settlement Class Member who complies with the requirements described below may object to the Settlement, the payment to Foreman for her efforts and commitment to the litigation ("**Service Award**"), or the attorney's fees and costs.

    a.    Any Settlement Class Member who wishes to object to the proposed Settlement must mail or hand-deliver written objections to the Settlement ("**Objection**") to Class Counsel and Solera's Counsel, at the addresses set forth in the Long-Form

    Notice. Alternatively, Settlement Class Members or their counsel may file Objections with the Court through the Court's electronic case filing ("**ECF**") system located at https://ecf.flmd.uscourts.gov/cgibin/ShowIndex.pl, with service on Class Counsel and Solera's Counsel made through the ECF system. Each Objection must: (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's original signature; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection; and (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his or her position

b.  All Objections should be filed with the Court or mailed or hand-delivered to Class Counsel and Solera's Counsel no later than **90 (ninety) days** after the entry of this Order ("**Objection Deadline**").

c.  An objecting Settlement Class Member is not required to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve notice on Class

10

        Counsel and Solera's Counsel) by the Objection Deadline. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney's name, address, phone number, e-mail address, state bar to which counsel is admitted, as well as associated state bar number.

d. Any Settlement Class Member who fails to timely file and serve a written objection and notice of his or her intent to appear at the Final Approval Hearing pursuant to this Settlement Agreement, as detailed in the Long-Form Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means. Any objecting Settlement Class Member who appeals a grant of the final approval of the Settlement will be required to post an appeal bond.

e. Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Settlement Agreement, the Long-Form Notice, and otherwise as ordered by the Court shall not be treated as having filed a valid objection to

11

the Settlement and shall forever be barred from raising any objection to the Settlement.

15. The parties have agreed upon a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Section IV of the Settlement Agreement, and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

    a. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and Claim Form. If final judgment is entered, all Settlement Class Members who are not Opt-Out Members and who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Short-Form Notice, Long-Form Notice, and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases included in that Agreement, and the final judgment.

16. If the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement, this Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

17. This Order shall be of no force or effect if final judgment is not entered or there is no effective date and shall not be construed or used as an admission, concession, or declaration by or against Solera of any fault, wrongdoing, breach, liability, or certifiability of any class. Nor shall this Order be construed or used as an admission of the validity of any claim or any fact alleged in the action or of any wrongdoing, fault, violation of law or liability of any kind on the part of Solera or any admission by Solera of any claim or allegation made in any action or proceeding against Solera or any concession as to the lack of merit in any of the claims asserted by Foreman in this action.

18. Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final

Approval Hearing and issuance of the final judgment, or until a further order of this Court.

19. The preliminarily approved Settlement shall be administered according to this Order pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| | |
|---|---|
| Notice Deadline (as defined in the Motion) | November 5, 2018 |
| Opt-Out and Objection Deadlines | January 2, 2019 |
| Motion for Final Approval | January 29, 2019 |
| Motion for Service Awards, Attorneys' Fees and Costs | January 29, 2019 |
| Responses to Objections | January 29, 2019 |
| Final Approval Hearing | February 19, 2019 |
| Claim deadline | February 14, 2020 |

**DONE AND ORDERED** in Orlando, Florida on October 4, 2018.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:
Counsel of Record

14