UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELLEY FOREMAN,

    Plaintiff,

v.                                              Case No: 6:17-cv-2002-Orl-37DCI

SOLERA HOLDINGS, INC.,

    Defendant.

## ORDER

A hearing was held on February 21, 2019, regarding Plaintiff's request for: (1) final approval of the proposed class action settlement ("**Settlement**"); and (2) certification of the settlement class. (Doc. 46 ("**Motion for Final Approval**"); Doc. 50 ("**Final Approval Hearing**").) Having considered the Motion for Final Approval and oral arguments, the Court pronounced its ruling at the Final Approval Hearing, granting the requested relief as Plaintiff has shown that the requirements of Federal Rule of Civil Procedure 23 have been met. Specifically, the Court found that the settlement is due to be finally approved as fair, reasonable, and adequate and that it was negotiated at arm's length. The relief provided for the class is reasonable considering the cost and risks of further litigation. The class representative and class counsel adequately represented the class. The method of distribution and categories of claims and the method of processing class members' claims is fair and reasonable under the circumstances.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (Doc. 46) is **GRANTED**.

2. The Court **GRANTS** final approval of the Settlement, including but not limited to, the releases in the settlement agreement (Doc. 41-1 ("**Settlement Agreement**") and the plans for implementation and distribution of the settlement relief. The Court finds that the Settlement is in all respects, fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order approving the Settlement ("**Final Approval Order**").

3. The parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

4. No objections were filed by Settlement Class Members. All persons who have not objected to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

5. Nine Settlement Class Members opted out of the Settlement and Settlement Class ("**Opt-Out Members**"). A list of the Opt-Out Members was submitted to the Court in the Declaration of Lindsay Marquez, filed in advance of the Final Approval Hearing. (Doc. 46-1, p. 34.) The Opt-Out Members listed are not bound by the Settlement, this Order, and the Final Judgment to be

entered, and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement.

6. For purposes of the settlement and this Final Approval Order, the Court hereby finally certifies the following Settlement Class:

> All current and former Solera employees whose W-2 data was compromised as a result of the Data Disclosure which occurred on or about February 14, 2017.

7. The Court re-adopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the order granting preliminary approval ("**Preliminary Approval Order**") and notes again that because this certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

8. Plaintiff Shelley Foreman is designated as the representative of the Settlement Class ("**Class Representative**"). The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

9. John A. Yanchunis is appointed as Lead Counsel and Jean Sutton Martin and Marisa Glassman are appointed as Class Counsel. The Court concludes that John A. Yanchunis, Jean Sutton Martin, and Marisa Glassman have

adequately represented the Settlement Class and will continue to do so.

10. The Court finds that the Notice Program, set forth in Article VI of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

11. The Court finds that Solera has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12. The parties to the Settlement Agreement shall carry out their respective obligations thereunder.

13. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

14. As of the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement: (i) Plaintiff and each Settlement Class Member who is not an Opt-Out Member, and each of their respective

spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, personal representatives, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually "**Releasing Persons**"); and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns, will be deemed to have fully, finally, and forever completely released, relinquished, and discharged Solera Holdings, Inc. ("**Solera**"), and each of its respective present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, insurers, and insurance policies, and each of their respective former or present directors, officers, employees, agents, attorneys, accountants, and insurers from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, matured or not matured, all from the beginning of the world until today that arise out of or relate in

any way to the Data Disclosure that were or could have been asserted in the Action ("**Released Claims**"). In addition, upon the Effective Date, Plaintiff and each of the other Settlement Class Members who is not an Opt-Out Member shall be deemed to have waived: (a) the provisions of California Civil Code § 1542, which provides that a general release does not extend to Claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor; and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

15. The terms of the Settlement Agreement, this Final Approval Order and the Final Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses that arise out of or relate to the allegations or subject matter of the Amended Complaint and Action.

16. The Final Approval Order, the Final Judgment to be entered hereon, the Settlement Agreement, the Settlement that it reflects, and all acts, statements, documents or proceedings relating to the Settlement are not,

and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Solera of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Solera or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Order, the Settlement, all acts, statements, documents or proceedings relating to the Settlement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement, this Order, and the Final Judgment to be entered hereon may be filed in any action by Solera or Settlement Class Members seeking to enforce the Settlement or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement, this Order, and the Final Judgment shall not be construed or admissible as an admission by Solera that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions

set forth in this Order that are maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Order.

17. This case is **DISMISSED WITH PREJUDICE** as to Plaintiff and all members of the Settlement Class who did not opt out.

18. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 10, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record