# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHELLEY FOREMAN,**

        **Plaintiff,**

**v.**                                          **Case No:  6:17-cv-2002-Orl-37DCI**

**SOLERA HOLDINGS, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS AND EXPENSES, FOR APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE (Doc. 47)** |
| **FILED:** | **January 29, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff brought this class action against Defendant Solera Holdings, Inc. (Solera) in relation to Solera's alleged disclosure of its current and former employees' W-2 information as a result of a phishing scheme. Docs. 1; 38. The parties engaged in discovery, motion practice (including a granted motion to dismiss followed by the filing of an amended pleading), and a successful mediation.

At mediation, this case settled, and the parties then file an unopposed motion for preliminary approval of the class action settlement. Doc. 41. The proposed class action settlement

agreement (the Settlement Agreement) included agreed-upon attorney fees and expenses. Doc. 41-1 at 22. The Court granted that motion, preliminarily approved the Settlement Agreement, and set this matter for a final approval hearing. Doc. 42.

The parties then filed an unopposed motion for final approval of the Settlement Agreement (Doc. 46) and, on that same day, filed a motion seeking approval of the requested attorney fees, costs, and class representative service award that were a part of the Settlement Agreement (Doc. 47, the Motion). The Motion was referred to the undersigned for consideration, and the Local Rule 3.01(g) certification in the Motion explicitly stated that Defendant did not oppose the Motion only so long as the Settlement Agreement was approved. Doc. 47 at 25. Defendant filed no response to the Motion, and the time file such a response has expired.

On February 21, 2019, the Court held a final approval hearing and granted the unopposed motion for final approval of the Settlement Agreement. Docs. 46; 50. On April 10, 2019, the Court entered an Order approving the Settlement Agreement. Doc. 51. Thus, the Motion is unopposed and ripe for consideration by the undersigned.

In the Settlement Agreement, Defendant agreed to pay – separate from and in addition to the benefits to the class – attorney fees not to exceed $255,000.00 and costs and expenses not to exceed $20,000.00. Doc. 47 at 6. As represented in the Motion, the award of attorney fees, costs, and expenses would not impact the benefits – monetary relief – made available to the class and is to compensate counsel for the services they have performed in the past as well as services they may be required to perform in the future, i.e., through final implementation of the Settlement Agreement. *Id*.

According to Plaintiff, after reaching agreement on the benefits to the class members, the parties separately negotiated Plaintiff's counsel's claims for attorney fees, costs, and expenses, as

well as the service award for Plaintiff as the class representative. *Id*. at 7; *see also* Doc. 46-2 (Declaration of John Yanchunis). As such, the attorney fees, costs, and expenses are amounts in addition to the benefits awarded the class, and do not in any way reduce the benefits available to the class pursuant to the Settlement Agreement. Doc. 47 at 10. Further, the notices that went out to putative class members stated that counsel would seek an award of attorney's fees in an amount up to $255,000.00 and an award of costs and expenses in an amount not to exceed $20,000.00. *Id*. at 7. Additionally, the notices stated that Plaintiff would seek a service award in the amount of $1,000.00. *Id*. No objections were filed by the January 2, 2019 deadline set by the Court. *Id*.

Pursuant to the Motion, Plaintiff now seeks attorney fees in the amount of $255,000.00, costs and expenses in the amount of $16,009.54, and a class representative service award in the amount of $1,000.00. *Id*. at 7-8. Plaintiff avers that its current lodestar exceeds the amount requested, but also asserts that Plaintiff's counsel prosecuted this case entirely on a contingent fee basis, and that counsel now seeks approval of an amount of attorney fees that approximates 10% of the monetary value of the Settlement Agreement to the class. *Id*. at 17-23.

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In *Camden I Condo. Ass'n v. Dunkle*, 946 F. 2d 768 (11th Cir. 1991), the Eleventh Circuit recommended that district courts consider twelve factors in assessing attorney fee applications, including:

> (1) the time and labor required; (2) the novelty and the difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

*Camden I*, 946 F.2d at 772 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (11th Cir. 1974)).  In addition, many courts have given substantial weight to the parties' agreement concerning attorney fees in class action settlements, especially where the agreement as to attorney fees and costs was made separately from the class settlement and does not diminish the benefits due the class.  *See, e.g.*, *James D. Hinson Elec. Contracting Co., Inc. v. BellSouth Telecomm. Inc.*, 3:07-CV-598-TJC-MCR, 2012 WL 12952592, at *2 (M.D. Fla. July 30, 2012).

 Here, the undisputed record before the Court establishes that the amount of attorney fees, costs, and expenses sought to be approved was negotiated separately by the parties *after* the settlement in principal as to the benefits due the class.  That amount ($255,000.00 in attorney fees and $16,009.54 in costs and expenses) is to be paid directly from Defendant to Plaintiff's counsel, and in no way diminishes the monetary or non-monetary benefits due the class.  Plaintiff's counsel will continue to work on behalf of the class to implement the terms of the Settlement Agreement, and the proposed attorney fee award includes any such future work.  While the benefits due the class pursuant to the Settlement Agreement include both monetary and non-monetary benefits, counsel has represented that the proposed attorney fee award is approximately 10% of the value of the monetary benefits available to the class.  Further, Plaintiff's counsel pursued this case solely on a contingent fee basis.  In addition, the amount of attorney fees, costs, and expenses sought to be approved, as well as the proposed class representative award, was submitted to the class via an approved vehicle of notice, and no class member objected.  The Court has approved the Settlement Agreement, and the Motion is unopposed by Defendant.  Based upon the foregoing, and having considered the factors in *Camden I*, the undersigned finds reasonable the requested – and agreed-

upon – attorney fees, costs, and expenses, as well as the proposed class representative award to Plaintiff.[1]

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 47) be **GRANTED**, and that the Court approve the award of $255,000.00 in attorney fees, $16,009.54 in costs and expenses, and $1,000.00 as a class representative service award to Plaintiff.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 11, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] That said, the undersigned does not thereby find that the requested rates of Plaintiff's counsel are reasonable in relation to the lodestar calculation included to assist the Court in considering the *Camden I* factors. Instead, the undersigned simply recommends that the Court give substantial weight to the parties' agreement and, considering all of the foregoing discussion, find the agreed-to attorney fee award reasonable. Similarly, Plaintiff has not provided sufficient information to allow the Court to determine that each item set forth as costs and expenses are recoverable under prevailing law. Again, however, the undersigned finds the request reasonable given that it is unopposed, and it is to be paid directly by Defendant, such that the class benefit will not be diminished through the payment.